IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARKETPRO SOUTH INC.** | : | |
| **Plaintiff** | : | |
| v. | : | No. |
| **OLD CITY LIVING INC.,** | : | |
| **AMBER GROUP INC.,** and | : | |
| **VIRGIINIJUS ANUSAUKUS** | : | |
| **Defendants** | : | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff **MARKETPRO SOUTH INC.**, by and through authorized counsel, hereby respectfully complains of Defendants **OLD CITY LIVING INC., AMBER GROUP INC., and VIRGINIJUS ANUSAUKUS**, and avers as follows:

PARTIES

1. Plaintiff **MARKETPRO SOUTH INC.** ("MarketPro") is a Maryland corporation, registered to conduct business in the Commonwealth of Pennsylvania, with a current business address at 609 Oak Knoll Terrace, Rockville, MD 20850-7804.

2. Defendant **OLD CITY LIVING INC.** ("Old City") is a Pennsylvania corporation, with its registered address in the Commonwealth of Pennsylvania at 4278 Greenspire Lane, New Hope, PA 18938.

3. Defendant **AMBER GROUP INC.** is a Pennsylvania corporation, with its registered address in the Commonwealth of Pennsylvania at 4278 Greenspire Lane, New Hope, PA 18938.

4. Defendant **VIRGINIJUS ANUSAUKUS** ("Virgis") is an adult individual, and a citizen of the Commonwealth of Pennsylvania, with a residence address at 4278 Greenspire Lane, New Hope, PA 18938.

JURISDICTION AND VENUE

5. Jurisdiction is based on 28 U.S.C. §1332(a) (diversity of citizenship; and there

being in excess of $75,000, exclusive of interest and costs, in controversy).

      6.      Venue in the District Court is based on 28 U.S.C. §1391; the subject matter of this case involves conduct relating to contracts and real property in Philadelphia County, Pennsylvania (in the Eastern District of Pennsylvania), and the subject transactions and occurrences regarding those contracts and real property took place in the Eastern District of Pennsylvania.

RELEVANT FACTS

      7.      As of April 13, 2022, the real property located at 6228 Homer Street, Philadelphia, PA  19144 ("Property") had been owned of record by James W. Fletcher, Jr. and Charlene A. Fletcher, H/W ("Fletchers").

      8.      On April 13, 2022, the Fletchers entered into written Agreement of Sale of Real Estate ("Contract") to sell the Property to MarketPro for a total sale price of $20,000.

      9.      On April 27, 2022, MarketPro entered into a written Assignment of Contract of Sale ("Assignment") calling for Old City to purchase the Property directly from the Fletchers, for consideration of $110,000, payable $20,000 to the Fletchers and $90,000 to MarketPro.

      10.      The Fletchers refused to perform their contract obligations to MarketPro pursuant to the Contract.

      11.      Old City refused to perform its contract obligations to MarketPro pursuant to the Assignment.

      12.      Instead, on May 14, 2022, the Fletchers conveyed title to the Property to Amber Group for consideration of $35,000.

      13.      Upon information and belief, Virgis is the controlling principal of both Old City and Amber Group.

PLAINTIFF'S CLAIMS

COUNT I – INTENTIONAL TORTIOUS INTERFERENCE WITH CONTRACT RELATIONSHIP

14. MarketPro incorporates the averments contained in Paragraphs 1 through 13 above as if restated in their entirety.

15. Pursuant to Pennsylvania law, the necessary elements of cause of action for intentional tortious interference with existing contractual relationships are: (1) the existence of a contractual relationship between the complainant and a third party; (2) an intent on the part of the defendant to harm the plaintiff by interfering with that contractual relationship; (3) the absence of privilege or justification on the part of the defendant; and (4) the occasioning of actual damages as a result of defendant's conduct. Restatement (Second) of Torts § 766. See, **Walnut Street Associates, Inc. v. Brokerage Concepts, Inc.**, 982 A.2d 942009 PA Super 191 (Pa.Super.2009).

16. One who intentionally and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract. Rest. 2d Torts § 766 (1979); see also **York Group v. Yorktowne Caskets, Inc.**, 924 A.2d 1234, 1249–50 (Pa.Super.2007); **Reading Radio, Inc. v. Fink, et al.**, 833 A.2d 199, 211 (Pa.Super.2003), appeal denied, 577 Pa. 723, 847 A.2d 1287 (2004); **Triffin v. Janssen**, 426 Pa.Super. 57, 626 A.2d 571, 574 (1993), appeal denied, 536 Pa. 646, 639 A.2d 32 (1994).

17. Pursuant to the Contract, MarketPro had a valid and enforceable contract to purchase the Property from the Fletchers.

18. Old City, Amber Group, and/or Virgis had knowledge of the existing contract between MarketPro and the Fletchers.

19. Old City, Amber Group, and/or Virgis intentionally induced the Fletchers to breach their contract with MarketPro.

20. Old City, Amber Group, and/or Virgis intentionally induced the Fletchers to breach their contract with MarketPro in order to interfere with that contract relationship.

21. Old City, Amber Group, and/or Virgis intentionally induced the Fletchers to breach their contract with MarketPro to interfere with that contract relationship, without privilege or justification.

22. The Fletchers subsequently breached their contract with MarketPro.

23. If the Fletchers had not conveyed the Property to Amber Group, MarketPro would have been able to enforce the Contract as against the Fletchers, and enforce the Assignment as against Old City, which would have yielded MarketPro a profit of $90,000.

24. MarketPro suffered money damages.

25. The improper conduct by Old City, Amber Group, and/or Virgis was so outrageous, egregious, vituperous, wanton, intentionally malicious and in reckless disregard to the interests of MarketPro, as to entitle MarketPro to punitive damages.

**WHEREFORE**, Plaintiff **MARKETPRO SOUTH INC.** requests the entry of judgment against Defendants **OLD CITY LIVING INC., AMBER GROUP INC., and VIRGINIJUS ANUSAUKUS**, collectively and severally, for (a) unliquidated money damages in excess of $75,000, (b) punitive damages, (c) statutory post-judgment interest, (d) the costs of this action and (e) the additional costs to be incurred subsequent to the filing of this action.

COUNT II – INTENTIONAL TORTIOUS INTERFERENCE WITH PROSPECTIVE CONTRACT RELATIONSHIP

26. MarketPro incorporates the averments contained in Paragraphs 1 through 25 above as if restated in their entirety.

27. Pursuant to Pennsylvania law, in order to set forth a legally sufficient cause of action for intentional interference with contractual or prospective contractual relations, four elements must be pled: (1) the existence of a contractual, or prospective contractual relation between the complainant and a third party; (2) purposeful action on the part of the defendant, specifically intended to harm the existing relation, or to prevent a prospective relation from occurring; (3) the absence of privilege or justification on the part of the defendant; and (4) the occasioning of actual legal damage as a result of the defendant's conduct. See, **Orange Stones Co. v. City of Reading**, 87 A.3d 1014, 1025 (Pa. Cmwlth. 2014) (citing **Pelagatti v. Cohen,** 536 A.2d 1337, 1343 (1971)).

28. It is important to note that interference is an intentional tort, meaning the actor is acting as he does for the purpose of causing harm to the Plaintiff. **Glenn v. Point Park College,** 272 A.2d 895, 899 (Pa. 1971). "The wrong ordinarily requires conduct intended to interrupt negotiations or prevent the consummation of a contract." **Id.**

29. Pursuant to the Contract, MarketPro had a valid and enforceable contract to purchase the Property from the Fletchers.

30. Old City, Amber Group, and/or Virgis had knowledge of the existing contract between MarketPro and the Fletchers.

31. Old City, Amber Group, and/or Virgis intentionally induced the Fletchers to breach their contract with MarketPro.

32. Old City, Amber Group, and/or Virgis intentionally induced the Fletchers to breach their contract with MarketPro in order to interfere with that contract relationship.

33. Old City, Amber Group, and/or Virgis intentionally induced the Fletchers to breach their contract with MarketPro to interfere with that contract relationship, without privilege or justification.

34. The Fletchers subsequently breached their contract with MarketPro.

35. If the Fletchers had not conveyed the Property to Amber Group, MarketPro would have been able to enforce the Contract as against the Fletchers.

36. Old City breached its contract with MarketPro pursuant to the Assignment.

37. If MarketPro would have been able to enforce the Contract as against the Fletchers, MarketPro would have been free to contract to sell the Property to a third party for a sale price at the fair market value of the Property.

38. The intentional conduct by Old City, Amber Group, and/or Virgis operated to interfere with Marketer's ability to contract to sell the Property to a third party for a sale price at the fair market value of the Property, which would have yielded MarketPro a profit of in excess of $90,000.

39. MarketPro suffered money damages.

40. The improper conduct by Old City, Amber Group, and/or Virgis was so outrageous, egregious, vituperous, wanton, intentionally malicious and in reckless disregard to the interests of MarketPro, as to entitle MarketPro to punitive damages.

**WHEREFORE**, Plaintiff **MARKETPRO SOUTH INC.** requests the entry of judgment against Defendants **OLD CITY LIVING INC., AMBER GROUP INC., and VIRGINIJUS ANUSAUKUS**, collectively and severally, for (a) unliquidated money damages in excess of $75,000, (b) punitive damages, (c) statutory post-judgment interest, (d) the costs of this action and (e) the additional costs to be incurred subsequent to the filing of this action.

COUNT III – ACTION FOR CIVIL CONSPIRACY

41. MarketPro incorporates the averments contained in Paragraphs 1 through 40 above as if restated in their entirety.

42. To prove a civil conspiracy under Pennsylvania law, a plaintiff must show the following elements: (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage.  See, **McKeeman v. Corestates Bank, N.A.**, 751 A.2d 655, 660 (Pa. Super. 2000) (citing **McGuire v. Shubert**, 722 A.2d 1087, 1092 (Pa. Super. 1998)). "

43. Proof of malice is an essential part of a cause of action for conspiracy." See, **Goldstein v. Phillip Morris, Inc.**, 854 A.2d 585, 590 (Pa. Super. 2004) (citing **Burnside v. Abbott Laboratories**, 351 Pa.Super. 264, 505 A.2d 973, 980 (Pa. Super. 1985))

44. Old City, Amber Group, and Virgis combined in a conspiracy to act with a common purpose to deprive MarketPro out of its rightful financial entitlements pursuant to the Contract between the Fletchers and MarketPro.

45. The foregoing conduct by Old City, Amber Group, and Virgis was endeavored with malice toward MarketPro.

46. Old City, Amber Group, and Virgis committed multiple overt unlawful acts in furtherance of said common purpose and conspiracy, including without limitation the failure to obtain a license required by the City of Philadelphia residential property wholesaler ordinance. See, Chapter 9-5200.

47. MarketPro has suffered legal damages as a result of the civil conspiracy perpetrated by Old City, Amber Group, and Virgis.

48. Old City, Amber Group, and Virgis are liable, collectively and severally, to MarketPro, for the legal damages which MarketPro has suffered as a result of said civil conspiracy.

49. The conspiracy and scheme by Old City, Amber Group, and Virgis, as described above, also constituted outrageous, egregious, vituperous, wanton, reckless and/or intentionally malicious conduct intended to euchre Classic out of legal entitlements.

**WHEREFORE**, Plaintiff **MARKETPRO SOUTH INC.** requests the entry of judgment against Defendants **OLD CITY LIVING INC., AMBER GROUP INC., and VIRGINIJUS ANUSAUKUS**, collectively and severally, for (a) unliquidated money damages in excess of $75,000, (b) punitive damages, (c) statutory post-judgment interest, (d) the costs of this action and (e) the additional costs to be incurred subsequent to the filing of this action.

    Respectfully submitted,
    ZAID LAW OFFICE, P.C.

        s/Marc A. Zaid
By: _____
    Marc A. Zaid Esq., Attorney I.D. No. 29458;
    Co-counsel for Plaintiff **MARKETPRO SOUTH INC.**
    2200 Renaissance Boulevard, Suite 270
    King of Prussia, PA  19406
    Email zaidesq@cs.com
    Tel (610) 940-3610; Fax (610) 940-3612

Respectfully submitted,
DONALD J. WEISS, ESQ., P.C.

        s/Donald J. Weiss
By: _____
    Donald J. Weiss, Attorney I.D. No. 17574;
    Co-counsel for Plaintiff **MARKETPRO SOUTH INC.**
    Chadds Ford Professional Center
    6 Dickinson Drive, Building 100, Suite 110
    Chadds Ford, PA  19317
    Email donaldjweissesq@aol.com
    Tel (610) 459-8074; Fax (610) 459-8653

Dated:  June 18, 2022